# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed April 23, 2004)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **Plaintiff,** | ) | **No. 04-118-LJB** |
| **v.** | ) | **(Judge Lynn J. Bush)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF ROCHESTER GAS AND ELECTRIC CORPORATION'S REPORT IN RESPONSE TO ORDER FOR PRE-DISCOVERY CONFERENCE IN NEW SNF CASES AND MOTION FOR TEMPORARY STAY**

Plaintiff, Rochester Gas & Electric Corp. (for these purposes "Plaintiff"), respectfully submits the following report in response to the Court's Order regarding a pre-discovery conference for new spent nuclear fuel ("SNF") cases, filed April 13, 2004 (the "Pre-Discovery Order"), and moves for a temporary stay of this action.

As a threshold matter, Plaintiff wishes to emphasize that it does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that developments in other cases could

render some or all of such activities unnecessary in this case, or at a minimum, render such activities more efficient should they become necessary. Moreover, in this case there is an additional, compelling reason to defer active litigation for a modest period: an agreement has been executed regarding the sale of the Ginna Plant that is the subject of this action. Upon the expected closing of that sale in the summer of 2004, the plant and the Ginna Standard Contract will be assigned to an affiliate of Constellation Energy Group ("Constellation"), and Constellation will assume prosecution of claims for all damages associated with the Ginna Plant. It is, of course, only sensible to allow the party that will ultimately be prosecuting the claims to conduct and make determinations regarding the pre-trial discovery.

The damages caused by the Government's failures regarding SNF and high level waste are substantial. As the timing of the filing of this lawsuit just prior to an arguable expiration of the applicable limitations period suggests, however, Plaintiff does not believe that adversarial litigation against the Government is the preferred option. Although Plaintiff was constrained to file this lawsuit in order to protect the rights to recovery in connection with the Ginna Plant, Plaintiff nevertheless desires to conduct short-term pre-trial proceedings in the most efficient and economical manner possible, particularly given the likelihood that Plaintiff's role in the prosecution of this lawsuit will soon cease. For these reasons, and in furtherance of these goals, Plaintiff proposes a modest and

reasonable stay of the lawsuit. Plaintiff's counsel has attempted to contact counsel for the Government and has sent an e-mail message for counsel for the Government regarding Plaintiff's desire for a stay, but the Government has not yet responded.

The Government has not yet filed in this lawsuit a "Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues" ("Motion to Stay") as it has in other similar actions. Nevertheless, Plaintiff has reviewed the Government's motions in other lawsuits, and notes that it does not concur with the request that the Government has made in other cases for an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three "lead" cases identified by the Government in its Motion to Stay.[1] It is likely that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that Plaintiff believes that this case may differ in significant respects from some or all of the three cases identified by the Government. For example, Plaintiff's complaint involves a single operating nuclear power plant at a single nuclear site, as compared to the multiple nuclear power plants and multiple

[1] The three "lead" cases cited by the Government in its Motion to Stay are *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow), *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt).

nuclear sites in *Commonwealth Edison Co.*, No. 98-621C, and the permanently shutdown nuclear power plants in *Yankee Atomic Power Company*, No. 98-126C. For these and other reasons, this case may well _not_ implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases cited in the Government's motion. In order to allow for these various possibilities in a reasonable manner, Plaintiff suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

In accordance with the Court's Pre-Discovery Order, Plaintiff submits the following information regarding its discovery plans and objectives:

1. _*The nature and scope of discovery Plaintiff anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance*_: The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that Plaintiff desires to avoid, if possible. A definitive appellate ruling, or further rulings from judges on this Court who are presiding over older SNF cases, could very well obviate the necessity of such motions and discovery in this case as a legal or practical matter. Nevertheless, if the Government were to file such a dispositive motion in this case and Plaintiff compelled to respond,

Plaintiff anticipates that it would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older SNF cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for Plaintiff to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for Plaintiff to identify more specific formal discovery plans or schedules on this issue. Plaintiff respectfully suggests that it would be premature to require it to do so now.

2. *Any circumstances that may affect the timing of discovery or trial*: As noted above, Plaintiff currently believes that possible developments in older SNF cases may affect the timing of discovery or trial. Plaintiff does not believe that it is prudent in this case for the parties to pursue active litigation in the short term. In order to allow in a reasonable manner for possible efficiencies due to developments in the older SNF cases, Plaintiff recommends that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings including additional discovery.

3. *If known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case)*: Again, and depending upon how matters unfold in the future in the other pending cases and in this case,

Plaintiff believes that the discovery previously provided in the old cases may be applicable; however, there is some reasonable chance that much, if not all, of the discovery taken in the older SNF cases may not be necessary for this case. Assuming, however, that there was some need for development of a factual record on such issues in this case, Plaintiff does not now know whether discovery, including depositions, previously provided in the older SNF cases would suffice for purposes of this lawsuit. Plaintiff understands that an extensive discovery record was developed in those older cases and Plaintiff would anticipate, to the maximum extent practicable, making use of that discovery. However, as Plaintiff does not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access) it is simply not possible at this time for Plaintiff to commit to forego the independent discovery rights to which it is entitled under the Rules.

4. *Additional responses to the issues raised in defendant's motion to stay or coordinate discovery*: Plaintiff suggests that it provide Judge Bush with an update of its discovery plans and schedules in the status report that it proposes to file in six months as part of the recommended temporary stay. This additional time will enable Plaintiff to assess the Government's proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Order, and allow for the parties and

the Court to assess any developments in other cases that may impact Plaintiff's discovery requirements.

## CONCLUSION

For the reasons described above, Plaintiff believes it is unnecessary and premature for the Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, Plaintiff suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability for a continued stay or, if appropriate, recommendations for further proceedings.

Dated: April 23, 2004

Respectfully submitted,

s/ M. Stanford Blanton

BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR
PLAINTIFF, ROCHESTER GAS AND
ELECTRIC CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35204
Phone: (205) 251-8100
Fax: (205) 226-8798

## CERTIFICATE OF FILING

I hereby certify that on this 23rd day of April, 2004, I caused a copy of the foregoing to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton