# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed May 19, 2004)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 04-118-ljb** |
| | ) | **(Judge Lynn J. Bush)** |
| **v.** | ) | |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF ROCHESTER GAS AND ELECTRIC CORPORATION'S**
**RESPONSE TO DEFENDANT'S MOTION TO STAY**

Plaintiff, Rochester Gas & Electric Corp. (for these purposes "Plaintiff"), respectfully submits the following response to the "Defendant's Motion to Stay All Proceedings Or, In The Alternative, For Coordinated Discovery Regarding Rate and Schedule Issues," filed May 10, 2004 (the "Motion to Stay").

As described further below, Plaintiff consents to stay of limited duration, but files this short response in order to: (a) suggest that the stay be temporary and that a status report be filed in six months, in order to allow the Court at that point to assess the circumstances and continued desirability of a stay; and (b) emphasize that Plaintiff does not necessarily concur with all of the Government's characterizations regarding the history of the so-called "spent fuel" litigation, nor,

in particular, to the supposed relationships that the Government describes between other cases pending before the Court and this one.[1]

A. Plaintiff supports a modest and reasonable stay of this lawsuit, in order to allow for possible efficiencies due to developments in other previously-filed cases in which similar claims are being pursued by other parties. Moreover, in this case, there is an additional, compelling reason to defer active litigation for a modest period: an agreement has been executed regarding the sale of the Ginna Plant that is the subject of this action. Upon the expected closing of that sale in the summer of 2004, the Plant and the Ginna Standard Contract will be assigned to an affiliate of Constellation Energy Group ("Constellation"), and Constellation will assume prosecution of claims for all damages associated with the Ginna Plant. It is, of course, only sensible to allow the party that will ultimately be prosecuting the claims to conduct and make determinations regarding litigation and pre-trial discovery.

Plaintiff believes, however, that an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the four identified spent fuel cases in which trial dates have been set is not

[1] On April 23, 2004, Plaintiff filed a Motion for Temporary Stay of this case as part of Plaintiff's Report in Response to Order For Pre-Discovery Conference in New SNF Cases. In that Motion, Plaintiff similarly requested that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

prudent at this time. See Motion to Stay at 12. There have been a number of twists and turns in the prosecutions of the so-called "spent fuel" lawsuits in this Court over the years. It is certainly possible that such further developments -- in the four cases identified by the Government or otherwise -- could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those four cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that Plaintiff believes that this case may differ in significant respects from some or all of the four cases identified by the Government. In order to allow for these various possibilities in a reasonable manner, Plaintiff, therefore, suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

B. The Government's motion contains a recitation of the history of the "spent fuel" litigation, numerous assertions regarding the alleged interrelationships between the four so-called "lead" cases and this one, and allegations regarding postulated "inconsistent performance obligations" and the like. E.g., Motion to Stay at 11. Plaintiff does not intend to file a lengthy response at this point, but merely wishes to note for the record that it does not agree with many of the assertions contained within the Government's motion. With respect to the

supposed similarities between this case and the "lead" cases, to pick one obvious example, example, the case of Yankee Atomic Power Company v. United States, No. 98-126C (Senior Judge Merow) involves power plants that are permanently shut down, unlike the operating nuclear power plant that is the subject of this complaint. For this and other reasons, this case may well not implicate many of the issues that will likely drive the damages proceedings in the four "lead" cases cited in the Government's motion, and some flexibility regarding a stay based upon those cases is therefore appropriate.

## **CONCLUSION**

For the reasons described above, Plaintiff requests that the Court grant a temporary stay of these proceedings, and that the parties be directed to file status reports six months from now regarding the continued desirability of a stay of this action.

Dated: May 19, 2004

Respectfully submitted,

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
COUNSEL OF RECORD FOR PLAINTIFFS, NIAGARA MOHAWK POWER CORPORATION, NEW YORK STATE ELECTRIC & GAS CORPORATION, ROCHESTER GAS AND ELECTRIC CORPORATION, AND CENTRAL HUDSON GAS & ELECTRIC CORPORATION

**OF COUNSEL:**

Ed R. Haden
K.C. Hairston
BALCH & BINGHAM LLP
1710 Sixth Avenue North
P. O. Box 306
Birmingham, AL 35204
Phone: (205) 251-8100
Fax: (205) 226-8798

## CERTIFICATE OF FILING

I hereby certify that on this 19th day of May, 2004, I caused a copy of the foregoing to be filed electronically with the Court. Pursuant to the Court's General Order No. 2003-42, Part V., the Notice of Electronic Filing generated by the Court's Electronic Filing System at the time the foregoing was filed was automatically sent to all participants who are registered to use the Electronic Filing System. Pursuant to the Court's General Order No. 2003-42, Part V., electronic notification constitutes service under RCFC 5 and proof of service under RCFC 5.1. According to the Electronic Filing System, the following lead counsel for the opposing party in this case is registered on the Electronic Filing System:

Harold D. Lester, Jr.
Assistant Director
Commercial Litigation Branch
Civil Division -- Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-6288

Attorney for Defendant

s/ M. Stanford Blanton