IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCHESTER GAS AND ELECTRIC CORPORATION, | ) | |
| Plaintiff, | ) | No. 04-118 (Judge Lynn J. Bush) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME

Pursuant to Rule 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests an enlargement of time of 22 days, to and including September 3, 2004, within which to file its response to the plaintiff's motion to substitute plaintiff and amend caption, for substitution of counsel, and for limited relief from stay. The Government's response is currently due on Thursday, August 12, 2004. Defendant has not previously requested an enlargement of time for this purpose. Counsel for plaintiff, M. Stanford Blanton, has represented that the plaintiff in this action does not oppose this motion. Counsel for R.E. Ginna Nuclear Power Plant, LLC, ("Ginna LLC"), Brad Fagg, has also represented that Ginna LLC does not oppose this motion.

This case is one of 60 cases currently pending before this Court involving alleged breaches of the "Standard Contract For Disposal Of Spent Nuclear Fuel And/Or High-Level Radioactive Waste," the terms of which are published at 10 C.F.R. § 961.11. The plaintiffs in the Standard Contract cases generally contend that the Department of Energy ("DOE") partially breached their Standard Contracts by failing to begin its program of Spent Nuclear Fuel ("SNF") acceptance by January 31, 1998, which they assert the Standard Contract required. However, the

plaintiffs generally also acknowledge that, even had DOE timely begun SNF acceptance, DOE would not have begun accepting SNF from each Standard Contract holder on or before January 31, 1998. They assert that DOE was obligated to begin accepting SNF from at least one of the contract holders by that date and that DOE was required to continue accepting SNF from contract holders after that date. In other Standard Contract cases pending before this Court, various plaintiffs have filed briefs arguing about the rate at which DOE was obligated to continue accepting SNF under the Standard Contract after January 31, 1998, and the time at which, pursuant to the order of SNF acceptance that the Standard Contract requires DOE to pursue,[1] DOE would have begun accepting a particular contract holder's SNF.

As the Court may be aware, in many of the earlier-filed Standard Contract cases, the Government filed motions for partial summary judgment disagreeing with the plaintiffs' theory that liability is established on January 31, 1998, regardless of whether the particular plaintiff had any right to acceptance of any of its particular SNF by that date. Instead, in our partial summary judgment motions, we have explained the manner in which the acceptance schedule terms of the Standard Contract provide a mechanism for establishing the parties' mutual SNF disposal obligations. We have further explained in those and related motions the reasons that the SNF acceptance obligations created pursuant to those contract provisions, through the submission and approval of delivery commitment schedules ("DCSs"), provide the basis for identifying the

---

[1] Basically, the Standard Contract provides that DOE is to accept fuel from all of the contract holders on an "oldest fuel first" basis. That is, the nuclear utility or contract holder that has generated the oldest "piece" of SNF receives the first acceptance allocation, the nuclear utility or contract holder with the next oldest receives the next acceptance allocation, and so on. An acceptance "queue," created by comparing the age of each "piece" of SNF in each contract holder's possession, determines the order in which SNF is to be contractually scheduled for removal from all of the contract holders' sites.

Government's partial breach of contract to an individual contract holder, given that an individual DCS is the only document that creates a specific obligation to accept a particular amount of SNF from a particular nuclear utility at any given time. As we have explained in our motions in other cases, it is the Government's inability to satisfy the obligations created by an approved DCS that constitutes the "partial breach" of contract giving rise to an individual contract holder's right to claim partial breach damages.

The request here to allow substitution of counsel and an amended case caption relates to a purported assignment of the plaintiff's Standard Contract to a third party, as well as a purported assignment of claims to that third party. The issues surrounding assignments of claims require us to perform a thorough analysis of the law and facts relating to this issue. We will need additional time to complete defendant's response to the pending motion because of our office's continuing involvement in the litigation of SNF disposal issues in Yankee cases, Nos. 98-126C, 98-154C and 98-474C, which are currently in trial and scheduled to continue until August 27, 2004. The Government believes that additional time would be helpful in allowing us to provide the Court with a thorough response addressing the legal and policy issues raised by plaintiff's motion. An extension to September 3, 2004, would not delay the schedule of the case as the case is stayed.

For the foregoing reasons, defendant respectfully requests that the Court grant this motion for an enlargement of time for 22 days, to and including September 3, 2004, within which to file its response.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-4175
Fax: (202) 307-2503

August 12, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of August 2004, a copy of foregoing "DEFENDANT'S UNOPPOSED MOTION FOR AN ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Elizabeth Thomas