# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed December 29, 2004)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **Plaintiff,** | ) | **No. 04-0118-LJB** |
| **v.** | ) | **(Judge Lettow)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's order dated May 21, 2004, the parties respectfully file this joint status report and jointly request a limited and definite extension of the current stay in this case. In the Court's order dated May 21, 2004, the Court ordered that proceedings be stayed until December 31, 2004. While the parties recognize that the Court has been disinclined to stay cases, they believe that—in the circumstances of this case—the interests of efficiency and economy overwhelmingly support the currently-requested defined extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be dispostively resolved in other cases are among the chief reasons for continuing the current stay for the defined period. When it becomes prudent for this case to go forward, the parties would expect to do so efficiently and expeditiously, and will be prepared to do so.

On July 26, 2004, as a result of the consummation of the sale of the nuclear power plant

at issue in this lawsuit, R.E. Ginna Nuclear Power Plant LLC moved to substitute itself as the party plaintiff and for related relief, and for the stay to be lifted for the limited purpose of resolving those motions only. The government agreed to the limited lifting of the stay for those purposes and to the stay otherwise remaining in place, but opposed the substance of the plaintiffs' substitution motion. Briefing on the substance of the substitution motions was completed on October 6, 2004, and a hearing has been scheduled for February 8, 2004.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract") between various utilities and the United States, acting through the Department of Energy ("DOE"), the material terms of which are published at 10 C.F.R. § 961.11. Approximately sixty cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level waste ("HLW") are currently pending in the Court of Federal Claims.[1]

All parties agree that the Court should issue a modest and reasonable continuation of the stay of all proceedings (other than the pending substitution motion), including discovery, until June 24, 2005. The parties do not presently desire to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by

---

[1] Five other cases have been dismissed voluntarily or by joint stipulation, while a sixth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), is on appeal of this (continued).

which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding recovery of damages under a partial breach of contract theory that will be alleged to occur in the future. These issues have been or are expected to be presented in the trials that are currently scheduled to occur between now and April 2005.[2] Resolution of these issues in such cases could facilitate agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery in a dramatic way – for example, by eliminating the need to engage in discovery regarding so-called "future" damages.

The parties request that the stay be continued until at least June 24, 2005. By this date, there may be guidance from the Federal Circuit, and all of the currently scheduled "lead" trials, as well as the trial in Sacramento Municipal Utility District, will be concluded and decisions may be issued in at least some of these cases. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case in light of the status of activities in other cases.

As noted above, all parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, all parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such

---

Court's final judgment.

[2] Four of those cases already have completed a trial regarding the plaintiff's damages, Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.), Yankee Atomic Electric. Co. v. United States, No. 98-126C (Fed. Cl.), Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.), and Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.). Briefing before the Federal Circuit in Indiana Michigan is expected to be completed in early 2005, and a decision by the Federal Circuit is expected by the middle of 2005. Another SNF case, Sacramento Municipal Utility District v. United States, No. 98-488C (continued).

motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that it desires to lift the stay over the objection of the parties, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER
Assistant Director

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER
PLANT, LLC

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205) 251-8100 Telephone
(205) 226-8798 Facsimile
COUNSEL FOR
ROCHESTER GAS AND ELECTRIC
CORPORATION

s/ Elizabeth A. Thomas
Elizabeth A. Thomas
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0170
Facsimile: (202) 514-8624

Attorneys for Defendant

December 29, 2004

---

(Fed. Cl.) is currently scheduled for trial beginning March 21, 2005.

CERTIFICATE OF FILING

I hereby certify that on this 29th day of December 2004, a copy of the foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul Bessette