EXHIBIT I

FORM OF
OPINION OF COUNSEL FOR BUYER

[Buyer version; Buyer's Parent version will delete references to Ancillary Agreements]

We have acted as counsel to ____________, a _______ (the "Buyer") in connection with the execution and delivery of the Asset Purchase Agreement, dated as of ________, 2003, by and among you, ___________ and the Buyer (the "Asset Purchase Agreement"). This opinion is delivered to you pursuant to Section 7.2(h) of the Asset Purchase Agreement. Capitalized terms used herein but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Asset Purchase Agreement.

In connection herewith, we have examined such corporate records, certificates and other documents, and such questions of law, as we have considered necessary or appropriate for purposes of this opinion. Upon the basis of such examination, it is our opinion that:

1. The Buyer has been duly organized and is an existing ___________ in good standing under the laws of ___________, and has all requisite [corporate] power and authority to execute and deliver the Asset Purchase Agreement and the Ancillary Agreements to which it is a party and to consummate the transactions contemplated thereby; and the execution and delivery of the Asset Purchase Agreement and the Ancillary Agreements and the consummation of the sale of the Purchased Assets contemplated thereby have been duly authorized by all requisite [corporate] action taken on the part of the Buyer.

2. Each of the Asset Purchase Agreement and the Ancillary Agreements has been duly executed and delivered by the Buyer and constitutes a valid and legally binding obligation of the Buyer, enforceable against the Buyer in accordance with its terms, subject to (i) applicable bankruptcy, reorganization, insolvency, fraudulent transfer, voidable preference, moratorium or similar laws, and related judicial doctrines, from time and time in effect affecting or related to creditors' rights and remedies generally, and (ii) general principles of equity (including, without limitation, concepts of materiality, good faith, fair dealing and reasonableness, equitable defenses and limits on the availability of

equitable remedies, indemnification and contribution), whether such principles are considered in a proceeding at law or in equity.

3. The execution, delivery and performance of the Asset Purchase Agreement and the Ancillary Agreements by the Buyer do not conflict with the [Certificate of Incorporation] or [By-Law], as currently in effect, of the Buyer.

The foregoing opinions are limited to the laws of the State of Maryland (assuming to the extent appropriate that for purposes of enforceability, New York law would follow Maryland law) and we are expressing no opinion as to the effect of the laws of any other jurisdiction.

In rendering the foregoing opinions, we have also, with your approval, relied as to certain matters on information obtained from the public officials, officers of the Buyer and other sources believed by us to be responsible, and we have assumed that (a) the parties to the Agreement have received all Seller's Required Regulatory Approvals and Buyer's Required Regulatory Approvals, (b) the Agreement and the Ancillary Agreements have been duly authorized, executed and delivered by the parties thereto other than the Buyer, and (c) the signatures on all documents examined by us are genuine, assumptions which we have not independently verified.

The opinions expressed herein are solely for your benefit in connection with the transactions contemplated by the Asset Purchase Agreement and the Ancillary Agreements, and may not be relied upon by you for any other purposes, and may not be circulated or furnished to or relied upon by any other Person or entity for any purpose without our prior written consent.