# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed June 22, 2005)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **and** | ) | |
| **R.E. GINNA NUCLEAR POWER PLANT, LLC** | ) | |
| **Plaintiffs,** | ) | **No. 04-118C** |
| **v.** | ) | **Judge Lettow** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

## NOTICE OF INDIRECTLY RELATED CASE AND MOTION TO TRANSFER AND SUGGESTION OF CONSOLIDATION BY PLAINTIFF R.E. GINNA NUCLEAR POWER PLANT, LLC

This is a spent nuclear fuel damages case, involving a nuclear power plant owned by a subsidiary of Constellation Generation Group, LLC.[1] There are now two such lawsuits pending before the Court involving plants owned by Constellation. The purpose of this notice and associated motion is to request that, if and when these spent nuclear fuel damages lawsuits move forward into active litigation, there be only one "Constellation" case.

[1] Constellation Generation Group, LLC is itself a subsidiary of Constellation Energy Group, Inc. For simplicity and purposes of this notice and motion only, "Constellation" will refer collectively to the entities affiliated with Constellation Energy Group, Inc. that are involved in the ownership and operation of the nuclear power plants discussed below.

Pursuant to RCFC 40.2(b)(2), the name and docket number of the indirectly related cases are: (1) *Rochester Gas and Electric Corporation and R.E. Ginna Nuclear Power Plant, LLC v. United States*, No. 04-118C (Lettow, J.), and (2) *Constellation Generation Group, LLC, Calvert Cliffs Nuclear Power Plant LLC, and Nine Mile Point Nuclear Station LLC v. United States*, No. 04-68C (Margolis, S.J.). The reasons supporting the proposed action are described below. Pursuant to RCFC 40.1(b), this motion to transfer is being filed in both cases.

By order dated May 12, 2005, the Court in Case No. 04-118C (Lettow, J.), *inter alia*, allowed plaintiff R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC") to be joined as a plaintiff in that action, and directed that the caption of Case No. 04-118C be so amended. *Rochester Gas and Electric Corporation v. United States*, 65 Fed. Cl. 431 (2005). Ginna LLC is a wholly-owned subsidiary of Constellation Generation Group, LLC. Because Constellation entities are also plaintiffs in Case No. 04-068C (Margolis, J.), Constellation believes that these two cases are now properly deemed "indirectly related" under RCFC 40.2(b). Ginna LLC therefore respectfully files this Notice, and, further, respectfully requests transfer and suggests consolidation of the two pending "Constellation" spent nuclear fuel cases before the same judge. Although Constellation does not have a preference regarding which judge presides, the Rules appear to contemplate transfer to the judge residing over the earlier-filed case, which is Case No. 04-68C (Margolis, J.).

Counsel for Rochester Gas and Electric Corporation (RGE), the other plaintiff in Case No. 04-118C, has not been able to confirm RGE's position regarding transfer and consolidation. Counsel for the government has not been able to confirm whether or not the government will oppose the relief sought. We have also consulted with counsel for the plaintiffs in Cases No. 04-124C and 04-125C, in which motions by the government to consolidate with Case No. 04-68C

are pending, but counsel has not been able to confirm whether those parties oppose the relief sought herein.

**DISCUSSION**

1. *Current status of the respective cases*. The status of the respective cases is as follows.

A. *Case No. 04-68C*. The complaint in Case No. 04-68C (Margolis, J.) was filed on January 22, 2004. That case involves claims for damages for breach of contracts with the Department of Energy for the acceptance of spent nuclear fuel from the Calvert Cliffs Nuclear Power Plant, a two-unit site in Maryland, and from the Nine Mile Point Nuclear Power Plant, Units 1 and 2, located in upstate New York. The plaintiffs are Constellation Generation Group, LLC, and direct and indirect wholly-owned Constellation subsidiaries that own the respective Calvert Cliffs and Nine Mile Point plants. In March 2004, the parties agreed to a stay of the case, which was approved by order of the Court dated June 30, 2004.

In December 2004, the government filed "notices of directly related cases and motions to transfer and consolidate" in Case No 04-68C and two other cases: (1) *Niagara Mohawk Power Corporation v. United States*, No. 04-124C, which involves a diminution-in-value "takings" claim by the former owner of the Nine Mile Point Unit 1 plant, and (2) *Niagara Mohawk Power Corporation et al. v. United States*, No. 04-125C, which involves a diminution-in-value "takings" claim by the former owners of the Nine Mile Point Unit 2 plant. Constellation opposed consolidation, for reasons stated in filed oppositions. On December 21, 2004, an order was entered reassigning Case No. 04-124C from then-Judge Sypolt to Senior Judge Margolis, and on March 16, 2005, an order was entered reassigning Case No. 04-125C from Judge Allegra to Judge Margolis. The *Niagara Mohawk* cases, Nos. 04-124C and 04-125C, have not been

consolidated with the *Constellation* case, No. 04-68C.

On January 5, 2005, a joint status report was filed by Constellation and the government in Case No. 04-68C, requesting a continuation of the stay through June 30, 2005. Constellation anticipates filing another joint status report on or before June 30, 2005, requesting that the stay be further continued through the end of 2005.

B. *Case No. 04-118C.* The complaint in Case No. 04-118C was filed by the then-owner of the R.E.Ginna Nuclear Power Plant on January 29, 2004. By order dated May 21, 2004, the Court (Bush, J.) granted a stay of proceedings until December 31, 2004. On July 26, 2004, a few weeks after consummation of the sale of the Ginna plant to Constellation, Ginna LLC filed a motion to substitute itself and amend the caption, which the government opposed. On December 9, 2004, the case was reassigned from Judge Bush to Judge Lettow. By order dated May 12, 2005, the Court granted in part the motion of Ginna LLC, and allowed Ginna LLC to be joined as a plaintiff party. *See Rochester Gas and Electric Corporation v. United States*, 65 Fed. Cl. 431 (2005). The Court ordered that an answer be filed by the government on or before June 24, 2005, and that the parties file a Joint Preliminary Status Report on or before August 12, 2005. With respect to a stay, the Court indicated at the hearing on February 8, 2005 that it was declining to enter a formal stay, but that the Court would "not force discovery," and was not going to push the scheduling of active litigation in a manner more expeditious than that to which both parties agree. *See* February 8, 2005 Tr. at 82, 83 (No. 04-118C, Docket Item 30).

2. *Reasons why transfer and consolidation are appropriate.* Constellation now owns the Nine Mile Point Units 1 and 2, Calvert Cliffs Units 1 and 2, and R.E. Ginna Nuclear Power Plants. If it becomes necessary to move forward with the trial of Constellation damage claims with respect to these five plants, it is likely that common company witnesses and evidence

regarding Constellation cost tracking systems, spent fuel management practices and procedures, and common spent fuel-related costs would be produced and presented to the Court. It is also possible that Constellation might pursue damage theories whereby (again, depending upon how matters unfold) Constellation might contend that allocations regarding DOE acceptance of spent fuel arising from fuel discharged at one Constellation plant would be most efficiently utilized at another Constellation plant. Should such a theory be pursued, it makes eminent sense to have the cases involving all of the Constellation plants be heard together, at the same time. Moreover and more generally, many aspects of Constellation's management of the spent fuel damages problem for all of its five plants are undertaken in a coordinated fashion. While it is possible that matters could evolve in such a way as to warrant different judicial treatment for different plants, Constellation does not wish to be subject to the possibility of different discovery schedules or trial dates merely due to the artificial serendipity of the claims being asserted in two different lawsuits.

Cases are indirectly related when "transfer, consolidation, or the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice." RCFC 40.2(b)(1). Consolidation is appropriate when actions involving "a common question of law or fact" are pending before the court. RCFC 42(a). In assessing consolidation, the Court must weigh the interest of judicial economy against the potential for delay, confusion, or prejudice that might arise from consolidation. *E.g., Karuk Tribe of California v. United States*, 27 Fed. Cl. 429, 433 (1993); *see also Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl.798, 802 (2004). Constellation respectfully suggests that the requested transfer and consolidation of the two "Constellation cases" will present no delay, confusion, or prejudice whatsoever, and will further interest of judicial economy.

Finally, Constellation opposed, and continues to oppose, consolidation of the *Niagara Mohawk* diminution-in-value takings cases with the breach-of-contract Constellation damages cases, for reasons described more fully in oppositions filed on December 27, 2004 in Case Nos. 04-68C, 02-124C, and 04-125C. Constellation will not repeat those positions here, except to note that Constellation's underlying theories of recovery for the plants it now owns, asserted in the two lawsuits that are the subject of this notice and motion, will be precisely the same. That circumstance is quite unlike the situation of former-owner diminution/takings lawsuits on the one hand, and straightforward breach of contract lawsuit on the other, which the government sought to consolidate. Accordingly, transfer and consolidation of the Constellation cases is justified. Consolidation of the *Niagara Mohawk* cases with the *Constellation* cases is not. Indeed, if the holding of a recent decision by the Court in another former-owner diminution-in-value spent fuel case were applied here, *see Canal Electric Company v. United States*, ____ Fed Cl. _____ (No. 04-0035C, June 9, 2005), there would be no remaining *Niagara Mohawk* cases to be consolidated. That fact further underscores the propriety of treating the *Niagara Mohawk* former-owner diminution-in-value cases separately.

**CONCLUSION**

For the reasons stated above, Constellation respectfully requests that Case Nos. 04-118C and No. 04-68C be transferred to the same presiding judge, and be consolidated.

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER PLANT, LLC
CONSTELLATION GENERATION GROUP, LLC
CALVERT CLIFFS NUCLEAR POWER PLANT, INC.
NINE MILE POINT NUCLEAR STATION, LLC

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 22nd day of June, 2005, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg