IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ROCHESTER GAS AND ELECTRIC CORPORATION and R.E. GINNA NUCLEAR POWER PLANT, L.L.C., | ) | |
| Plaintiffs, | ) | |
| | ) | No. 04-118C |
| v. | ) | (Judge Lettow) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") stored at the Ginna Plant; denies the remaining allegations contained in the second sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations contained in paragraph 2 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 2.

3. Admits the allegations contained in the first sentence of paragraph 3 that one of the plaintiffs has paid fees into the Nuclear Waste Fund; denies the remaining allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to

form a belief as to their truth. The allegations contained in the second sentence of paragraph 3 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in the first sentence of paragraph 4 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 4 that DOE has stated that it anticipates it will not be able to begin SNF disposal until at least 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1005)); the remaining allegations contained in the second sentence of paragraph 4 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in paragraph 9 for lack of knowledge of information sufficient to form a belief as to their truth.

10. Admits.

11. Admits the allegations contained in paragraph 11 to the extent supported by the announcement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. The allegations contained in the first sentence of paragraph 12 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 12 for lack of knowledge of information sufficient to form a belief as to their truth.

13. The allegations contained in the first and second sentences of paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations in the third and fourth sentences of paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the

contract cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 17.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in the first sentence of paragraph 20 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 20 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 20.

21. The allegations contained in paragraph 21 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the final interpretation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the

petitions for review and court decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the petition for a writ of mandamus and court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the Preliminary Determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 that DOE has not yet begun the disposal of SNF pursuant to the Standard Contract; the remaining allegations contained in paragraph 27 are conclusions of law and plaintiffs' characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. The allegations contained in paragraph 29 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

30. Denies.

31. Denies.

32. Defendant's response to paragraphs 1 through 31 of the complaint are incorporated by reference.

33. The allegations contained in paragraph 33 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

36. Denies.

37. Denies.

38. Defendant's response to paragraphs 1 through 37 of the complaint are incorporated by reference.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law and plaintiffs'

characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. Denies.

43. Denies.

44. Defendant's response to paragraphs 1 through 43 of the complaint are incorporated by reference.

45. The allegations contained in paragraph 45 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law and plaintiffs' characterization of their case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. Denies that plaintiffs are entitled to the relief set forth in paragraph 48, or to any relief whatsoever.

49. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

50. Plaintiffs have failed to satisfy a condition precedent to defendant's liability.

FIRST COUNTERCLAIM

51. The Court possesses jurisdiction to entertain this counterclaim pursuant to 28 U.S.C. §§ 1503 and 2508.

52. Pursuant to the standard contract at issue in this case, the contract holders are required to pay a one-time fee for SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m. on April 7, 1983. See 10 C.F.R. § 961.11, Art. VIII.B.2. Plaintiffs in this case elected to satisfy their financial obligation pursuant to Article VIII.B.2 of the standard contract "in the form of a single payment anytime prior to the first delivery, as reflected in the DOE approved delivery commitment schedule," which "shall consist of the fee plus interest on the outstanding fee balance." See id., Art. VIII.B.2(b). Plaintiffs have never paid the one-time fee required pursuant to Article VIII of the standard contract.

53. Had DOE begun SNF acceptance pursuant to the standard contract in 1998, the contract holders for the standard contract at issue in this case would have been required to pay the one-time fee before DOE would have had any obligation to begin to accept any fuel from the plaintiffs in this case pursuant to that standard contract. To the extent that the plaintiffs in this case receive an award of damages based upon DOE's failure to begin SNF acceptance in 1998 or at any time thereafter, the plaintiffs should be required to provide DOE with the monies that, before DOE would have been obligated to have accepted the contract holders' SNF, the contract holders would have had to pay to DOE.

54. The principal amount of plaintiffs' one-time fee is $33,134,126.60 and defendant is entitled to judgment in that amount, plus interest upon that amount, pursuant to Article VIII.B.2(b) of the Standard Contract, running "from April 7, 1983, . . . to be calculated based

upon the 13-week Treasury bill rate, as reported on the first such issuance following April 7, 1983, and compounded quarterly thereafter by the 13-week Treasury bill rates as reported on the first such issuance of each succeeding assigned three-month period until payment."

SECOND AFFIRMATIVE DEFENSE, AND
COUNTERCLAIM FOR OFFSET OR RECOUPMENT

55. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

56. Defendant incorporates by reference the allegations contained in paragraphs 51 through 54 above.

57. Plaintiffs' claim are barred by the affirmative defense of recoupment or setoff, and defendant is entitled to setoff or recoup the one-time fee that plaintiffs owe pursuant to Article VIII.B.2 of the Standard Contract against any judgment awarded in plaintiffs' favor.

WHEREFORE, defendant respectfully requests that the Court enter judgment in its favor; order that the complaint be dismissed; order that defendant is entitled to recover the amount of the one-time fee that plaintiffs have not yet paid or, in the alternative, that any amount that may be found due plaintiffs under the standard contract at issue in this case shall be recouped or setoff by any amount owed to the United States pursuant to Article VIII.B.2 of the standard contract; and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-4175
Fax: (202) 307-2503

June 22, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 22nd day of June 2005, a copy of foregoing "DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Elizabeth Thomas