IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CONSTELLATION GENERATION GROUP, LLC, CALVERT CLIFFS NUCLEAR POWER PLANT, INC., NINE MILE POINT NUCLEAR STATION, INC., Plaintiffs, | ) | |
| v. | ) | No. 04-0068C (Senior Judge Margolis) |
| THE UNITED STATES, Defendant. | ) | |

**DEFENDANT'S RESPONSE TO NOTICE OF INDIRECTLY RELATED CASE AND MOTION TO TRANSFER AND SUGGESTION OF CONSOLIDATION BY PLAINTIFF R.E. GINNA NUCLEAR POWER PLANT, LLC**

Pursuant to Rule 7.1(a) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this response to the notice of indirectly related case and motion to transfer and consolidate filed by plaintiff R.E. Ginna Nuclear Power Plant, L.L.C. ("Ginna").[1]

**SUMMARY OF ARGUMENT**

Ginna's motion to transfer and consolidate is rather unusual. In it, Ginna requests that this Court transfer and consolidate two cases that arise out of very similar, but separate, contracts, cases that it describes in its notice and motion as only indirectly related. Yet, at the same time, Ginna opposes any effort to consolidate those cases that are directly related to the Constellation case: the two Niagara Mohawk cases, Nos. 04-124C and 04-125C, that are

[1] Pursuant to RCFC 40.2(b)(2) this response is captioned in the name of the earliest-filed case, which is Constellation Generation Group, LLC v. United States, No. 04-0068 (Fed. Cl.), and copies of this motion are being filed in both Constellation, No. 04-0068 (Fed. Cl.), and Rochester Gas and Electric Corporation and R.E. Ginna Nuclear Power Plant, L.L.C. v. United States, No. 04-118C.

pending before this Court and that arise out of the very same contract at issue in the Constellation case. As we have explained in prior briefing to the Chief Judge, we believe that consolidation of all of the spent nuclear fuel ("SNF") cases is appropriate, whether they are described as directly or indirectly related, given that there are several issues, including the rate of SNF acceptance to be used for the purposes of determining and awarding damages in these cases, that uniformly apply to all of the SNF cases and that depend upon the same evidence and witnesses. Based upon our prior positions, we do not oppose Ginna's motion to transfer and consolidate involving Constellation Generation Group, LLC v. United States, No. 04-0068 (Fed. Cl.), and Rochester Gas and Electric Corporation and R.E. Ginna Nuclear Power Plant, L.L.C. v United States, No. 04-118C (Fed. Cl.), to a single judge and to consolidate them. However, any action to consolidate the Rochester and Constellation cases that Ginna describes as indirectly related, but to deny consolidation of Constellation with the two pending Niagara cases that are directly related to it, would be internally inconsistent, illogical, and incongruous.

## DISCUSSION

### I. STANDARD OF REVIEW

Motions to consolidate are governed by RCFC 42, which provides that consolidation may be appropriate when actions involve common questions of law or fact:

> **(a) Consolidation**. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

RCFC 42. "In applying this rule, courts which have discussed the issue of consolidation have stressed that the purpose of joining actions is to promote convenience and judicial economy."

Midwest Community Council v. Chicago Park Dist., 98 F.R.D. 491, 499 (1983) (citing Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-497 (1973); Katz v. Realty Equities of New York, 521 F.2d 1354, 1358 (2nd Cir. 1975); May v. United States, 515 F. Supp. 600, 603 (S.D. Ohio 1981). Rule 42 should be interpreted in conjunction with the guiding principle that the Court aims "to secure the just, speedy, and inexpensive determination of every action." See RCFC 1(b).

When multiple actions present common issues of law or fact, and a joint proceeding would avoid unnecessary costs and delay, a court may order consolidation of the actions – even over the objection of one or all of the parties. See St. Bernard Gen. Hosp., Inc. V. Hospital Serv. Assoc., 712 F.2d 978, 989 (5th Cir. 1983). In exercising its discretion to consolidate multiple actions, the Court must determine "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single- trial, multiple-trial alternatives." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, (11th Cir.1985) (quoting Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982), cert. denied, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)). "One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results, which can occur when both cases require judicial determinations of the same facts." Karuk Tribe of California v. United States, 27 Fed. Cl. 429, 433 (1993) (quoting Bank of Montreal v. Eagle Assocs., 117 F.R.D. 530, 532 (S.D.N.Y. 1987)). In addition, consolidation of actions presenting common issues of law or fact is appropriate where consolidation would also

avoid duplication of discovery. See District 65, UAW v. Harper & Row, Publishers, Inc., 576 F. Supp. 1468, 1475 (1983).

## II. CONSOLIDATION OF THE *ROCHESTER* AND *CONSTELLATION* CASES BEFORE A SINGLE JUDGE IS APPROPRIATE

Constellation, No. 04-0068C, and Rochester, No. 04-118C, should be consolidated because the cases "present common issues of fact," law and "transfer, consolidation, . . . [and] the adoption of a coordinated discovery schedule would significantly promote the efficient administration of justice." See RCFC 40.2(b)(1) and 42. Both cases involve similar contracts, the Standard Contract for Disposal of Spent Nuclear Fuel And/Or High-Level Radioactive Waste ("Standard Contract"). Constellation entities are plaintiffs and the Department of Energy ("DOE") is the defendant in both 04-0068C and 04-118C. Although it is unclear whether Ginna's representation on pages 4 and 5 of its notice and motion that "it is likely that common company witnesses and evidence regarding . . . cost tracking systems, spent fuel management practices and procedures, and common spent fuel related costs would be produced and presented to the Court" is completely accurate, it is highly likely that the Government witnesses and evidence, dealing with the Government's actions under the Standard Contract, will be the same in both cases. Similarly, many of the legal defenses raised by the Government apply with equal force in both cases.

Moreover, consolidation would not prejudice any of the plaintiffs. Both Rochester and Constellation are in the same phase of pretrial procedure, and there is little, if any risk of delay in either case should they be consolidated. In Entergy Nuclear, the Court, after transferring two SNF cases involving the same nuclear reactor and contract to a single judge, denied the Government's motion for consolidation "largely because [one of the two cases] is procedurally at

a significantly more advanced stage," but without prejudice to later reconsideration of the consolidation issue because "further development of both cases may reduce the procedural disparity" so that "consolidation may be appropriate at some future time." Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 803 (2004). There is no procedural disparity in these two cases. Both cases are in the same posture, and no dispositive motions are pending.[2]

## III. CONSOLIDATION OF THE *CONSTELLATION* AND *NIAGARA* CASES BEFORE A SINGLE JUDGE IS ALSO APPROPRIATE BECAUSE THE *NIAGARA* CASES ARE "DIRECTLY RELATED" TO *CONSTELLATION*

Although requesting that the Court consolidate the Rochester case with Constellation, Ginna further suggests that the Court should deny consolidation of the two Niagara cases with Constellation, even though Constellation and Niagara are directly related, arising out of the very same contract. Although Ginna asserts that consolidation is not warranted because Constellation, No. 0068C, involves a "straightforward breach of contract" claim while Niagara Mohawk, No. 04-0124C, and Niagara Mohawk, No. 04-0125C, involve a "former-owner diminution/takings" claim, the fact that the plaintiffs assert different legal theories based upon the same facts does not warrant the denial of a motion to consolidate.[3] See Pl. Notice of Indirectly Related Cases, at p. 6; Farrell v. American Flyers Airline Corp., 42 F.R.D. 341, 342

---

[2] On June 30, 2005, the parties in Constellation filed a joint status report requesting the stay be continued until December 15, 2005 and although the Court in Rochester indicated, at a February 8, 2005 hearing, that it would not order a formal stay, the Court stated it would "not force discovery." See Pl. Not. p. 4.

[3] Further, although Ginna asserts that the claims in Constellation are different from the Niagara plaintiffs' claims, the plaintiffs in Constellation, like the Niagara plaintiffs, are also claiming a taking of its property in violation of the Fifth Amendment. Niagara Compl. No. 04-124C ¶¶ 44-51, Niagara Compl. No. 04-125C ¶¶ 45-52 and Constellation Compl. ¶¶ 53-57. The taking claims in Constellation are indistinguishable from the taking claims in the Niagara cases.

(S.D.N.Y. 1967). As we fully explained in "Defendant's Notice Of Directly-Related Cases And Defendant's Motion To Transfer And Consolidate In Accordance With RCFC 40.2(a)(3) And 42.1," ("Def. Not."), and "Defendant's Reply To Plaintiffs' Response To Defendant's Motion To Transfer And Consolidate In Accordance With RCFC 40.2(a)(3) And 42.1," ("Def. Repl.") filed in Constellation and the Niagara Mohawk cases on December 8, 2004, the Constellation case relates to the same nuclear reactors, the same spent nuclear fuel ("SNF"), and the same failure by the Government to accept that SNF as the two Niagara cases. The three cases also involve the assignor and assignee of the same contracts with DOE. Ginna's statement that, "if the holding of a recent decision by the Court in another former-owner diminution-in-value spent fuel case were applied here, *see Canal Electric Company v. United States*, ___ Fed. Cl. ___ (No. 04-0035C, June 9, 2005), there would be no remaining *Niagara Mohawk* cases to be consolidated" is not decisive in this matter because the "orders and opinions of a judge of coordinate jurisdiction constitute persuasive but not binding authority." Commercial Federal Bank v. United States, 59 Fed. Cl. 338, 358 (2004). Therefore, consolidation of Constellation, No. 0068C, with Niagara Mohawk, No. 04-0124C, and Niagara Mohawk, No. 04-0125C, is even more greatly warranted than consolidation of Constellation with Rochester, No. 04-118C.

## CONCLUSION

For the foregoing reasons, defendant respectfully responds that the Government does not object to plaintiff's request that the Court transfer and consolidate the Rochester and Constellation cases, but asserts that, if it does so, no reason exists to deny consolidation of Constellation with its two directly related cases, Niagara Mohawk, No. 04-124C, and Niagara Mohawk, No. 04-125C.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Elizabeth Thomas
ELIZABETH THOMAS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 353-4175
Fax: (202) 307-2503

July 11, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 11th day of July 2005, a copy of foregoing "**DEFENDANT'S RESPONSE TO NOTICE OF INDIRECTLY RELATED CASE AND MOTION TO TRANSFER AND SUGGESTION OF CONSOLIDATION BY PLAINTIFF R.E. GINNA NUCLEAR POWER PLANT, LLC**" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Elizabeth Thomas