# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed July 14, 2005)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **and** | ) | |
| **R.E. GINNA NUCLEAR POWER PLANT, LLC** | ) | |
| **Plaintiffs,** | ) | **No. 04-118C** |
| **v.** | ) | **Judge Lettow** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REPLIES BY ROCHESTER GAS AND ELECTRIC CORPORATION AND R.E. GINNA NUCLEAR POWER PLANT, LLC TO DEFENDANT'S COUNTERCLAIMS**

Pursuant to RCFC 12(a)(1), plaintiff Rochester Gas and Electric Corporation ("RG&E"), and plaintiff R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC"), respectfully submit, through their respective undersigned counsel, the following replies to the counterclaims contained in Defendant's Answer, Affirmative Defenses, And Counterclaims. Without waiving any rights, including but not limited to their positions regarding the authority of RG&E or Ginna LLC to prosecute this lawsuit unilaterally, RG&E and Ginna LLC admit, deny, and allege as follows:

**REPLY TO FIRST COUNTERCLAIM**

51. The allegations contained in paragraph 51 are conclusions of law and defendant's characterization of its claims to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied by RG&E and Ginna LLC.

52. RG&E and Ginna LLC admit the allegations contained in the first sentence of paragraph 52 to the extent supported by the contract cited, which is the best evidence of its contents; RG&E and Ginna LLC otherwise deny the allegations contained in the first sentence of paragraph 52. RG&E and Ginna LLC admit that RGE selected the payment option identified at Article VIII.B.2(b) of the contract, which is the best evidence of its contents; RG&E and Ginna LLC otherwise deny the allegations contained in the second sentence of paragraph 52. RG&E and Ginna LLC admit that the fee identified at Article VIII.B.2(b) of the contract has not been paid; RG&E and Ginna otherwise deny the allegations contained in the third sentence of paragraph 52.

53. The allegations contained in paragraph 53 are conclusions of law and defendant's characterization of its claims to which no response is required; to the extent that they may be deemed allegations of fact, they are denied by RG&E and Ginna LLC.

54. RG&E and Ginna LLC admit that the principle amount of the fee associated with the R.E. Ginna Nuclear Power Plant and Article VIII.B.2(b) of the contract has been calculated to be at or about $33,134,126.60; admit the allegations regarding Article VII.B.2(b) of the contract to the extent supported by the contract, which is the best evidence of its contents; otherwise, the allegations contained in paragraph 54 are conclusions of law and defendant's characterization of its claims to which no response is required; to the extent that they may be deemed allegations of fact, they are denied by RG&E and Ginna LLC.

**REPLY TO SECOND AFFIRMATIVE DEFENSE, AND COUNTERCLAIM FOR OFFSET OR RECOUPMENT**

55. The allegations contained in paragraph 55 are conclusions of law and defendant's characterization of its claims to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied by RG&E and Ginna LLC.

56. RG&E and Ginna LLC incorporate by reference their responses to paragraphs 51 through 54 above.

57. The allegations contained in paragraph 57 are conclusions of law and defendant's characterization of its claims to which no response is required; to the extent that they may be deemed allegations of fact, they are denied by RG&E and Ginna LLC.

58. RG&E and Ginna LLC deny the allegations in the "wherefore" clause of defendant's answer, affirmative defenses, and counterclaims, and deny each and every allegation not specifically admitted herein.

**FIRST AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS**

The government's counterclaims fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS**

The government's counterclaims and related offset defenses are barred by illegality and the provisions of the Nuclear Waste Policy Act of 1982, 42 U.S.C. § 10101 *et. seq.* Specifically, such counterclaims and offsets are indistinguishable from direct payments of Nuclear Waste Fund monies, because the government seeks to reduce payments that would otherwise be made into the Nuclear Waste Fund by the amounts of interim storage costs incurred due to the Department of Energy's breaches. Such *de facto* payments are unauthorized by law. *See Alabama Power Co. v. United States,* 307 F.3d 1300 (11th Cir. 2002).

**THIRD AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS**

The government has failed to establish conditions precedent to any alleged one-time fee payment obligations under Article VIII.B.2(b) of the contracts, for example, acceptance of delivery of spent nuclear fuel or high level waste as required by the contract.

**FOURTH AFFIRMATIVE DEFENSE TO DEFENDANT'S COUNTERCLAIMS**

The government's counterclaims are barred by the doctrines of estoppel and/or waiver.

Respectfully submitted,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER PLANT, LLC

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205) 251-8100 Telephone
(205) 226-8798 Facsimile
COUNSEL FOR
ROCHESTER GAS AND ELECTRIC
CORPORATION

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 14 th day of July, 2005, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg