# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed July 21, 2005)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **and** | ) | |
| **R.E. GINNA NUCLEAR POWER PLANT, LLC** | ) | |
| **Plaintiffs,** | ) | **No. 04-118C** |
| **v.** | ) | **Judge Lettow** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**REPLY IN SUPPORT OF**
**MOTION TO TRANSFER AND SUGGESTION OF CONSOLIDATION**
**BY PLAINTIFF R.E. GINNA NUCLEAR POWER PLANT, LLC**

On June 22, 2005, plaintiff R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC") filed a motion requesting transfer and suggesting consolidation of the two pending "Constellation" spent nuclear fuel cases before the same judge. The government does not oppose that request.

Rather than simply saying it does not oppose, however, the government filed a six page "response" on July 11, 2005. That "response" is effectively another brief (not provided for in the Rules) in support of a different motion, namely the government's prior motions to consolidate two other cases, *Niagara Mohawk Power Corporation v. United States*, No. 04-124C and *Niagara Mohawk Power Corporation et al. v. United States*, No. 04-125C, with *Constellation*

*Generation Group, LLC, Calvert Cliffs Nuclear Power Plant LLC, and Nine Mile Point Nuclear Station LLC v. United States*, No. 04-68C (Margolis, S.J.). Briefing on those prior motions was completed with the government's prior reply, filed on January 10, 2005. To date, the *Niagara Mohawk* cases have not been consolidated with *Constellation Generation Group, LLC*, No. 04-68C.

Constellation wishes to make two points with this reply. First, should the Court seriously entertain consolidation of the *Niagara Mohawk* cases with *Constellation Generation Group, LLC*, No. 04-68C, Constellation would respectfully request that any such decision be based upon the briefs filed in connection with that motion, or that a status conference or oral argument be held to allow the parties to further explain their respective positions.

Second, for the record Constellation disagrees with the various assertions regarding consolidation of the *Niagara Mohawk* cases with *Constellation*, No. 04-68C, contained in the government's most recent "response." It is simply not true, for example, that the *Niagara Mohawk* cases and the *Constellation* case "arise out of the very same contract." 7/11/05 Govt. Resp. at 2. As explained in more detail in Constellation's opposition to the government's prior consolidation motion, the *Niagara Mohawk* cases assert no contract claims at all. The *Niagara Mohawk* diminution/takings lawsuits are dramatically different than the straightforward *Constellation* breach of contract lawsuits. Likewise, Constellation's request to consolidate its two breach of contract damages lawsuits is dramatically different than the government's request to consolidate the *Niagara Mohawk* diminution/takings cases with the *Constellation* breach of contract damages cases. Those differences in the two circumstances render it eminently sensible to allow consolidation in the former case, and eminently sensible to deny consolidation in the latter. Plainly, to say the least, the government overstates matters when it contends that such a

result would be "internally inconsistent, illogical, and incongruous," and that Constellation's straightforward request (which the government does not, after all, oppose) is "rather unusual." 7/11/05 Govt. Resp. at 1, 2.

**CONCLUSION**

For the reasons stated above and in its initial motion, Constellation respectfully requests that Case Nos. 04-118C and No. 04-68C be transferred to the same presiding judge, and be consolidated.

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER PLANT, LLC
CONSTELLATION GENERATION GROUP, LLC
CALVERT CLIFFS NUCLEAR POWER PLANT, INC.
NINE MILE POINT NUCLEAR STATION, LLC

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 21st day of July, 2005, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Brad Fagg