# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed August 12, 2005)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** | ) | |
| **R.E. GINNA NUCLEAR POWER PLANT, LLC** | ) | |
| **Plaintiffs,** | ) | **No. 04-118C** |
| **v.** | ) | **Judge Lettow** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the Court of Federal Claims ("RCFC") and the Court's May 12, 2005 order, the plaintiffs R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC"), and Rochester Gas and Electric Corporation ("RG&E"), and defendant, the Department of Energy ("DOE"), respectfully file the following joint preliminary status report. The parties answer the questions listed in Appendix A, ¶ 4, as follows:

**(a) Does the court have jurisdiction over the action?**

Plaintiffs' position: Plaintiffs assert that this Court has jurisdiction over the action, pursuant to 28 U.S.C. § 1491(a)(1).

Defendant's position: Defendant asserts that it has not identified any basis at this time upon which to question the Court's jurisdiction to entertain this action, but notes that the issue of

this Court's jurisdiction is currently pending before the United States Court of Appeals for the Federal Circuit in PSEG Nuclear, LLC v. United States, No. 05-M786 (Fed. Cir.) (petition for permission to take interlocutory appeal granted August 4, 2005).

**(b) Should the case be consolidated with any other case and the reasons therefore?**

Plaintiffs' position: On June 22, 2005, Ginna LLC filed a Notice of Indirectly Related Case and Motion to Transfer and Suggestion of Consolidation of this case with *Constellation Generation Group, LLC et al. v. United States*, No. 04-68C. After the Government filed its response, Ginna LLC filed a reply on July 21, 2005. The plaintiffs respectfully refer the Court to those filings for their position regarding consolidation.

Defendant's position: On July 11, 2005, the Government filed a response to Ginna LLC's "Notice of Indirectly Related Case and Motion to Transfer and Suggestion of Consolidation." The Government respectfully refers the Court to that filing for our position regarding consolidation.

**(c) Should trial of liability and damages be bifurcated and the reasons therefore?**

Plaintiffs' position: Trial of liability and damages should not be bifurcated. With respect to liability, the Government's performance failures with respect to spent nuclear fuel and/or high level waste have been held as a matter of law to be breaches of the Standard Contracts. *Maine Yankee Atomic Power Co. v. U.S.*, 225 F.3d 1336 (Fed. Cir. 2000); *Northern States Power Co. v. U.S.*, 224 F.3d 1361 (Fed. Cir. 2000); *see also, e.g., System Fuels, Inc. v. United States*, 65 Fed. Cl. 163 (2005).

Defendant's position: Liability for partial breach of contract by the Government of its standard contract for the Ginna plant has not been established. Liability for partial breach of contract cannot be established until a determination is made regarding the minimum mandatory

schedule for the acceptance of spent nuclear fuel ("SNF") and high-level radioactive waste ("HLW") by which the Government was contractually obligated to accept contract holders' SNF and/or HLW. Defendant believes that the Court should resolve issues involving the acceptance schedule under which the Government is obligated, pursuant to the Standard Contract, to accept plaintiff's spent nuclear fuel (including the rate at which the Government is obligated, under the contract, to accept spent nuclear fuel from all of the contract holders). Once the Court resolves those issues, any further trial proceedings regarding liability and damages should be resolved in a single proceeding.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore?**

Both parties agree that, in the circumstances of this case, deferral of active discovery and motions practice pending potential developments in other cases is warranted. As counsel for Ginna LLC stated in proceedings on February 8, 2005, *see* 2/8/05 Tr. at 79-80, Plaintiffs believe that deferral of active discovery and motions practice is warranted because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. These issues may include, among others, so-called "rate issues," or the minimum mandatory schedule for the acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW, and issues regarding recovery of damages under a partial breach of contract theory that will be alleged to occur in the future.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefore and the proposed duration?**

Plaintiffs' position: Plaintiffs do not intend to seek a remand or suspension.

Defendant's position: Defendant states that it does not seek a remand of this case at this time, but that the Court should suspend the case for the reasons discussed in the prior section of this report.

**(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

Plaintiffs' position: Plaintiffs do not intend to effect joinder of other parties to this case.

Defendant's position: Defendant continues to believe, as indicated in its prior motions to the Chief Judge, that consolidation of all of the spent nuclear fuel cases, joining all contract holders in a single action, is appropriate for the resolution of numerous issues that are identical in all of the cases. Nevertheless, the Chief Judge has denied that request. Beyond that request, defendant, at the present time, has not identified a need to join other parties to this case.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?**

As noted above, both parties desire to defer setting a schedule for the filing of any motions pursuant to RCFC 12(b), 12(c) or 56. Similarly, both parties believe that the jointly-requested deferral of proceedings will help to inform their decisions regarding their intent to file such motions, and that it is premature at this time to commit to filing such motions.

**(h) What are the relevant factual and legal issues?**

Plaintiffs' position: Plaintiffs believe that the relevant factual issues may involve the costs associated with the actions that have been taken at the R.E. Ginna Nuclear Power Plant, and that will be required to be taken, as a result of the Government's breach of the Ginna Standard Contract (although Plaintiffs do not expect or concede that such matters will present any *bona fide* contested issues). Plaintiffs believe that the major relevant legal issues, *i.e.*, those regarding the Government's breach, have already been determined conclusively as a matter of law. The Government may raise defenses regarding causation and the like that could be determined to be factual or legal issues. As noted above, Plaintiffs believe that there is a reasonable chance that further developments in other, older SNF cases may obviate the need for the parties to contest, or for the Court to resolve, such issues in this case. On that basis, Plaintiffs seek a temporary deferral of active litigation in this case.

Defendant's position: The relevant legal and factual issues in this case include, but may not be limited to, the following:

1. Whether the Government is liable for a partial breach of Plaintiffs' Standard Contract.
2. The basis and scope of any liability for the partial breach of the Standard Contract.
3. The contractually required rate and order of SNF and/or HLW acceptance.
4. The appropriate measure of the Plaintiffs' damages, if any, arising from any partial breach of the Standard Contract.
5. Whether the Government breached its duty of good faith and fair dealing.
6. Whether the Government is obligated to accept Greater-Than-Class-C low-level

radioactive waste pursuant to the Standard Contract.

7. Whether the Plaintiffs are entitled to damages for a taking of their property without just compensation in violation of the Fifth Amendment to the United States Constitution.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have not foreclosed reasonable settlement of this lawsuit, and are committed to engaging in settlement discussions and negotiations at the appropriate time.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore? A request for expedited trial scheduling is generally appropriate when the parties anticipate that discovery, if any, can be completed within a 90-day period, the case may be tried within 3 days, no dispositive motion is anticipated, and a bench ruling is sought. The requested place of trial shall be stated. Before such a request is made, the parties shall confer specifically on this subject.**

The parties do not request expedited trial scheduling. Eventually, if the case is not resolved by settlement, the parties anticipate proceeding to trial.

**(k) Are there special issues regarding electronic case management needs?**

<u>Plaintiffs' position:</u> There are no special issues regarding electronic case management needs.

<u>Defendant's position:</u> The Government agrees that there are no special needs of which the Court need be aware at this time. However, the Government would like to advise the Court that, to date, much of the document production in other cases involving an alleged breach of the

Standard Contract has been handled electronically and that these cases lend themselves to electronic presentation. The Government has not discussed this possibility with the plaintiffs in this case but would like to do so before making a request to the Court for such trial proceedings. In addition, defendant's document production, which has been extensive, is available on an electronic website to those plaintiffs in which a protective order governing confidential and proprietary information has been entered.

**(l) Is there other information of which the court should be aware at this time?**

The Government requests that the Court enter the same protective order in this case that Judge Sypolt previously entered in other cases on May 9, 2002, as well as the order governing access to the RIS-web that Judge Sypolt entered on February 1, 2002. These orders must be entered prior to the production of documents and granting of access to DOE's records database previously provided to counsel in the other utility cases. In addition, the Government respectfully requests that the Court enter the e-mail preservation order that was entered in the prior SNF cases on November 8, 2001, to confirm the parties' obligations to preserve and search e-mail tapes. Absent this order, the Government may be subject to inconsistent and onerous requirements for the production of e-mail.

Plaintiffs do not anticipate a problem, as a general matter, with the entry of such orders, but desire the opportunity to review the final versions of any such proposed orders.

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR
Assistant Director

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER
PLANT, LLC

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205) 251-8100 Telephone
(205) 226-8798 Facsimile
COUNSEL FOR
ROCHESTER GAS AND ELECTRIC
CORPORATION

August 12, 2005

s/ Elizabeth A. Thomas
Elizabeth A. Thomas
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0170
Facsimile: (202) 514-8624

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of August, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul Bessette