# In the United States Court of Federal Claims

| | |
|---|---|
| ROCHESTER GAS AND ELECTRIC COMPANY, and R.E. GINNA NUCLEAR POWER PLANT, LLC., Plaintiffs, | No. 04-118C |
| v. | (Filed: March 29, 2006) |
| THE UNITED STATES, Defendant. | |

**OPINION AND ORDER**

On January 23, 2006, the defendant filed a motion to certify for interlocutory appeal pursuant to 28 U.S.C. § 1291(d)(2) and to stay further proceedings in this case. Judge Charles Lettow entered his opinion and order on May 12, 2005.* For the reasons set forth below, the defendant's motion is hereby DENIED.

Judge Lettow's opinion and order granted plaintiff Rochester Gas and Electric Company's ("Rochester Gas") motion to substitute by treating it as a motion for joinder with plaintiff R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC"). See Rochester Gas and Electric Corp. v. United States, 65 Fed. Cl. 431, 443 (2005). In doing so, the court ruled that the assignment provision, Section 302(b)(3), in the Nuclear Waste Policy Act of 1982 ("NWPA"), Pub. L. No. 97-425, 96 Stat. 2202 (Jan. 7, 1983)(codified as amended at 42 U.S.C. §§ 10101-10270), supercedes the proscriptions and limitations set out in the generally applicable Assignment of Contracts Act, 41 U.S.C. § 15, and Assignment of Claims Act, 31 U.S.C. § 3727. Id. at 432. The court held that Rochester Gas's sale of the R.E. Ginna Nuclear Power Plant ("Ginna plant") to Ginna LLC effected (1) a partial assignment of the rights and duties under the Standard Contract for the Disposal of Spent Nuclear Fuel and High-Level Radioactive Waste ("Standard Contract") that Rochester Gas entered into with the Department of Energy ("DOE");

*This case was reassigned to Judge Margolis on December 19, 2005.

and (2) an assignment of Rochester Gas's pre-existing claims under the Standard Contract to Ginna LLC. Id. at 439-41. The defendant now requests that the court submit the following two questions of controlling law for an interlocutory appeal to the United States Court of Appeals for the Federal Circuit:

> 1. Whether the Court of Federal Claims correctly held that the assignment provision in the NWPA is sufficiently broad to permit a nuclear utility to make a partial assignment of its contract; and
>
> 2. Whether the Court of Federal Claims correctly held that the contract assignment provision of the NWPA is sufficiently broad to permit a nuclear utility to assign its pre-assignment damages claims.

The court declines to do so for the following reasons.

Interlocutory appeals are reserved for "exceptional" cases. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 74 (1996). In order to merit certification, a case must meet the three-part test set forth in 28 U.S.C. § 1292(d)(2): (1) There must be a "controlling question of law ... involved[;]" (2) there must be a "substantial ground for difference of opinion" regarding that controlling question of law; and (3) "immediate appeal ... may materially advance the ultimate termination of the litigation[.]" See also Aleut Tribe v. United States, 702 F.2d 1015, 1019 (Fed. Cir. 1983). This test commits the decision regarding certification to the discretion of the trial judge. See AD Global Fund, LLC v. United States, 68 Fed. Cl. 663, 665 (2005). Establishing the three criteria, however, is not sufficient to guarantee an interlocutory appeal; the court of appeals may still refuse to hear the case in its discretion "for any reason." Cooper & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

Under the first requirement, a decision involves a "controlling question of law" when it "materially affect[s] issues remaining to be decided in the trial court." Jade Trading, LLC v. United States, 65 Fed. Cl. 443, 447 (2005). See also AD Global Fund, 68 Fed. Cl. at 665. The defendant asserts that this requirement is satisfied here because the two questions of controlling law affect not only this case, but other pending spent nuclear fuel ("SNF") cases.

If the Federal Circuit were not to affirm this court's ruling on the two questions of controlling law, litigation on the takings and contract claims would still need to proceed. Klamath Irr. Dist. v. United States, 69 Fed. Cl. 160, 162 (2005). Raising the specter of duplicative damages in this and only four other SNF cases out of the over 50 pending SNF cases is speculative at best and ignores the availability of the court of appeals for review of the trial court's decision. Further, assisting DOE in determining its contract obligations to various plaintiffs in SNF-related litigation will not affect the course of this litigation and is therefore not

material to this case's outcome. The court therefore does not agree with the defendant that the two questions of controlling law materially affect issues remaining to be decided in this case.

Under the second requirement, the Federal Circuit has held that the "substantial ground for difference of opinion" can be two different, but plausible, interpretations of a line of cases. See, e.g., Vereda, Ltda v. United States, 271 F.3d 1367, 1374 (Fed. Cir. 2001)(agreeing with the trial court that "'substantial ground for difference of opinion'" was present regarding interaction between two Federal Circuit cases). More often, however, this criterion manifests as splits among the circuit courts, see e.g., AD Global Fund, 68 Fed. Cl. at 665-66; Marriott Int'l Resorts, 63 Fed. Cl. 144, 146 (2004), an intra-circuit conflict or a conflict between an earlier circuit precedent and a later Supreme Court case, see Ins. Co. of the West v. United States, 1999 WL 33604131 at *3 (Fed. Cl. 1999), or, at very least, a substantial difference of opinion among the judges of this court, see Hermes Consol., Inc. v. United States, 58 Fed.Cl. 409, 419-20 (2003). None of these circumstances exist here.

The fact that the two questions of controlling law are ones of first impression does not mean necessarily that there is a "substantial ground for difference of opinion." See Klamath Irr. Dist., 69 Fed. Cl. at 163; In re Flor, 79 F.3d 281, 284 (2d Cir.1996)(explaining that "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion."). The court finds this fact insufficient to meet the "substantial ground" requirement for certification.

Finally, under the third requirement for certification, the court must consider whether "immediate appeal ... may materially advance the ultimate termination of the litigation." "Some courts and commentators have taken the position that 'the 'controlling question' requirement [should be read as identical to] the requirement that its determination may materially advance the ultimate termination of the litigation.'" Brown v. United States, 3 Cl. Ct. 409, 412, n.3 (1983). Thus, for the reasons stated supra, the court does not believe that a resolution of the two questions of controlling law will materially advance the ultimate termination of this case.

Because the court's opinion and order does not meet the three requirements for certification, the court, in its discretion, hereby DENIES the defendant's motion to certify an interlocutory appeal.

/s/ Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, United States Court of Federal Claims