# In the United States Court of Federal Claims

**ELECTRONIC CASE FILING**
**(Filed April 24, 2006)**

| | | |
|---|---|---|
| **ROCHESTER GAS AND ELECTRIC CORPORATION,** <br><br> **and** <br><br> **R.E. GINNA NUCLEAR POWER PLANT, LLC** <br><br> **Plaintiffs,** <br> **v.** <br><br> **THE UNITED STATES OF AMERICA,** <br><br> **Defendant.** | ) | **No. 04-118C** <br> **Judge Margolis** |

**JOINT MOTION FOR TEMPORARY STAY**

Plaintiffs R.E. Ginna Nuclear Power Plant, LLC ("Ginna LLC") and Rochester Gas and Electric Corporation ("RG&E") and defendant the United States respectfully file this joint motion for temporary stay.

This action is based upon a Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"), the material terms of which are published at 10 C.F.R. § 961.11. The Standard Contract at issue in this proceeding relates to spent nuclear fuel generated at the R.E. Ginna Nuclear Power Plant. Approximately 59 cases involving the Government's actions in connection with spent nuclear fuel ("SNF") and/or high-level radioactive waste ("HLW") are currently pending in the Court of Federal Claims.[1] As in several

[1] Five other cases have been dismissed voluntarily or by joint stipulation, while a sixth case, Indiana Michigan Power Co. v. United States, 98-486C (Fed. Cl.), has been appealed and has been the subject of an opinion by

other SNF/HLW cases pending before the Court, the parties believe that the interests of efficiency and economy support an extension of the stay. Indeed, savings of the significant costs of discovery concerning many issues that the parties agree might be dispositively resolved in other cases are among the chief reasons for continuing the current stay for the defined period.

The Government filed a motion for interlocutory appeal, which this Court recently denied. See Opinion and Order dated March 29. 2006. As the parties made clear in the briefings on that motion, however, no party presently desires to engage in affirmative or responsive discovery, or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that the dispositive resolution of legal and factual issues in previously-filed cases in which similar claims are being pursued by other plaintiffs could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. These issues may include, among others, so-called "rate" issues, or the minimum mandatory schedule for acceptance of SNF and HLW by which the Government was contractually obligated to accept contract holders' SNF and/or HLW. These issues have been or are expected to be presented in the trials that are currently scheduled to occur during the coming year.[2] Resolution of these issues in such cases could facilitate

---

the Federal Circuit. Indiana Michigan Power Company v. United States, 422 F.3d 1369 (Fed. Cir. 2005). Another case, PSEG Nuclear, LLC v. United States, No. 01-551C, is currently pending before the Federal Circuit, pursuant to an interlocutory appeal.

[2] While the Court of Appeals resolved certain issues regarding future damages in Indiana Michigan Power Co. v. United States, 422 F.3d 1369 (Fed. Cir. 2005), the court there did not address many of the other issues regarding damages that will likely be implicated in this case, including the rate issue. Such issues may, however, be addressed, or at least informed, by several cases in which trials have been, or will soon be, completed. Those cases include Yankee Atomic Elec. Co. v. United States, No. 98-126C (Fed. Cl.); Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.); Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.); and Southern Nuclear Operating Company v. United States, 98-614C (Fed. Cl.). The trial courts in Tennessee Valley Authority v. United States, 69 Fed. Cl. 516 (2006) and Sacramento Municipal Utility District v. United States, No. 98-488 (Fed. Cl.) recently addressed certain categories of contract breach damages, but did not directly rule upon rate issues. The Government has appealed the Tennessee Valley Authority decision.

agreements by the parties in this lawsuit, or at a minimum, inform the Court's consideration of such issues if they remain contested and require resolution in this case. Moreover, definitive resolution of those issues could potentially affect the scope of pre-trial discovery.

The parties request that the stay be continued until December 15, 2006. At that time, the Court should allow the parties to submit another status report identifying their positions regarding further activity in the case.[3]

As noted above, the parties desire this case to be stayed, and therefore desire to defer setting a schedule for the filing of any dispositive motions. Similarly, the parties believe that the jointly-requested stay will help to inform their decisions regarding their intent to file such motions and what discovery might be necessary, and that it is premature at this time to commit to filing such motions or to engage in active discovery. Finally, should the Court determine that a stay is not warranted, notwithstanding the objection of the parties, the parties respectfully request that the Court schedule a status conference first, so that they may be heard more fully on these issues.

---

[3] The parties note that the stays in several other spent nuclear fuel damages cases have been recently extended for these reasons, following the Indiana Michigan decision. E.g., Kansas Gas and Electric Company et al. v. United States, No. 04-99 (Fed. Cl.) (Order dated November 28, 2005); TXU Generation Company, LP v. United States, 04-98 (Fed. Cl.) (Order dated November 23, 2005); General Electric Company v. United States,, 04-107C (Order dated December 28, 2005); General Electric Company v. U.S.,, 04-108C (Order dated December 28, 2005); The Cleveland Electric Illuminating Company et al. v. United States, No. 04-69C (Order dated December 28, 2005); PPL Susquehanna, LLC v. United States, No. 04-70C (Order dated April 5, 2006).

Respectfully submitted,

PETER KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER
Assistant Director

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile
COUNSEL OF RECORD FOR
R.E. GINNA NUCLEAR POWER
PLANT, LLC

s/ M. Stanford Blanton
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
(205) 251-8100 Telephone
(205) 226-8798 Facsimile
COUNSEL FOR
ROCHESTER GAS AND ELECTRIC
CORPORATION

s/ Elizabeth A. Thomas
Elizabeth A. Thomas
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Fl
1100 L Street, NW
Washington, D.C. 20530
Telephone: (202) 616-0170
Facsimile: (202) 514-8624

Attorneys for Defendant

April 24, 2006

CERTIFICATE OF FILING

I hereby certify that on this 24th day of April, 2006, a copy of the foregoing "JOINT MOTION FOR TEMPORARY STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Paul Bessette